UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>          Plaintiff,<br><br>   vs.<br><br>SERGEANT D. WILLIAMS, et al.,<br><br>          Defendants. | 1:19-cv-00640-DAD-GSA-PC<br><br>**ORDER DENYING REQUEST FOR SUBPOENA**<br>**(ECF No. 4.)** |

      Matthew A. Lawrie ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On May 13, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On May 15, 2019, findings and recommendations were entered, recommending that Plaintiff be denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and be required to pay the $400.00 filing fee in full for this action. (ECF No. 2.) On May 28, 2019, Plaintiff filed objections to the findings and recommendations. (ECF No. 3.) The findings and recommendations are pending.

      On August 16, 2019, Plaintiff filed a request for the court to send him a subpoena duces tecum form. (ECF No. 4.) Plaintiff seeks to use the subpoena "to access the defendants' records and their history of violence," to show that he was under imminent danger. (Id.) Plaintiff also seeks discovery showing that Kern Valley State Prison falsified records of the November 14, 2018 incident alleged by Plaintiff in the Complaint.

Plaintiff's request shall be denied as discovery has not been opened in this case and it is not time for discovery. The court shall issue a scheduling order opening discovery after the Complaint has been served and one or more of the defendants has filed an Answer to the Complaint. Service of process shall not be initiated until the court has screened the Complaint under 28 U.S.C. § 1915A and finds that Plaintiff states cognizable claims. The court has not yet screened Plaintiff's Complaint under 28 U.S.C. § 1915A. Thus, it is not time for discovery in this case.

Plaintiff has not shown that there is a need for early discovery. Plaintiff does not need evidence to show that he was under imminent danger. In determining whether Plaintiff was under imminent danger the court relies on Plaintiff's allegations in the Complaint, which are assumed to be true. Therefore, Plaintiff does not need a subpoena form for this purpose.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for the court to send him subpoena form, filed on August 16, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **August 26, 2019**         **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE