UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW A. LAWRIE,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT D. WILLIAMS, et al.,<br><br>Defendants. | No. 1:19-cv-00640-DAD-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. Nos. 2, 3) |

Plaintiff Matthew A. Lawrie is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 15, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(g) be denied and that plaintiff be ordered to pay the required $400.00 filing fee for this action in full within thirty (30) days. (Doc. No. 2.) On May 28, 2019, plaintiff filed objections to the findings and recommendations. (Doc. No. 3.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
/////

1

including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Under 28 U.S.C. § 1915(g)'s so–called "three strikes" provision, prisoners may be barred from proceeding IFP if they, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." Although plaintiff does not contest that he has accumulated seven prior strike dismissals, enough to be barred by the "three strikes" provision, he contends that he qualifies for the exception for prisoners who face "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In this regard, in his objections plaintiff states, "[S]ince filing via US Mail on April 11, 2019, Plaintiff has been threatened with serious injury and is confined to his cell, save for Tuesday groups and law library, which is under escort." (Doc. No. 3 at 2.) In his objections, plaintiff also reiterates the claims in his complaint that he was assaulted by correctional officers on November 14, 2018, resulting in physical and mental injuries. (Doc. No. 1 at 5.) The court finds plaintiffs objections to be unavailing.

First, the complaint and objections do not evince an "imminent danger of serious physical injury" at the time the complaint was filed. 28 U.S.C. § 1915(g); *see Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (defining imminent to refer not "only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head'" (citations omitted)). As the magistrate judge noted, plaintiff filed this action six months after the alleged attack on November 14, 2018. *See, e.g.*, *Malone v. Beard*, No. 2:14-cv-2096-KJN, 2016 WL 801544, at *2 (E.D. Cal. Mar. 1, 2016) (concluding that "there is no suggestion that plaintiff is in danger of serious physical injury" when he filed a complaint "over two years after the occurrence of the incidents at issue . . . ."); *see also Cervantes*, 493 F.3d at 1053 ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting that § 1915(g) is available for "genuine emergencies" where "time is pressing" and a threat is "real and proximate").

Second, plaintiff's complaint fails to make "specific fact allegations of ongoing serious physical injury, *or* of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Cervantes*, 493 F.3d at 1056 (quoting *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir.2003)). Although plaintiff alleges a "fear of further violations of intentional assault," (Doc. No. 1 at 5), and threats of serious injury, (Doc. No. 3 at 2), his claims lack specificity and fail to allege either ongoing serious physical injury or a pattern of misconduct that would indicate a likelihood of such injury at the time his complaint was filed.

For the reasons discussed above, plaintiff does not meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g).

Accordingly:

1. The findings and recommendations issued on May 15, 2019, (Doc. No. 2), are adopted in full;
2. Plaintiff is denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g);
3. Within thirty (30) days from the date of service of this order, plaintiff is required to pay the $400.00 filing fee in full for this action;
4. Plaintiff is warned that failure to comply with this order will result in the dismissal of this action without prejudice to refiling upon prepayment of the required filing fee; and
5. The matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **September 23, 2019**

UNITED STATES DISTRICT JUDGE